UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES E. DENT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00489-JRS-MJD |
| | ) | |
| DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Mr. Charles Dent for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVE 18-09-0020. For the reasons explained in this Entry, Mr. Dent's habeas petition must be **denied.**

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On September 5, 2018, Mr. Dent was charged with violating Code B-213, threatening. The conduct report states:

> On 9/5/2018, while monitoring live telephone calls I, Analyst S. Zimmerman did hear Offender Charles Dent #890623 communicate to another an intent to physically harm others. (see attached).

Dkt. 8-1. During the telephone call Mr. Dent said, "I'll kill every mother fucker in this bitch…" Dkt. 8-2.

On September 12, 2018, Mr. Dent was given a copy of the conduct report and the notice of disciplinary hearing (screening report). Dkt. 8-1; dkt. 8-3. Mr. Dent requested his "confinement report" as evidence and a lay advocate, who was later appointed to him. Dkt. 8-5. On September 13, 2018, the disciplinary hearing was postponed in order to collect the evidence requested by Mr. Dent. Dkt. 8-4.

The disciplinary hearing was held on September 18, 2018. Dkt. 8-6. Mr. Dent pleaded not guilty and stated, "I'm talking to family and I was just venting because [of] the death of my son. This is just out of hurt and pain and suffering." *Id*. After considering the conduct report, the daily offender telephone log, and Mr. Dent's statement, the hearing officer found Mr. Dent guilty of violating Code B-213. *Id*. Mr. Dent was sanctioned with a suspended credit class demotion, which was later enforced when Mr. Dent was found guilty at a later disciplinary proceeding. Dkt. 17.

Mr. Dent appealed to the facility head, who subsequently denied his appeal. Dkt. 8-8. Mr. Dent was not required to file a second level appeal because the sanction was initially suspended. Mr. Dent then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

Mr. Dent presents the following challenges to his disciplinary hearing and subsequent finding of guilt: 1) denial of evidence; 2) denial of impartial decision maker; and 3) violation of Indiana Department of Correction ("IDOC") policies and procedures.

### 1. Denial of Evidence

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Mr. Dent challenges the denial of the "confinement report" which he requested at screening. Dkt. 1 at 3; dkt. 8-3. When an inmate is placed on Administrative Restrictive Status Housing, IDOC policy requires the facility to provide a Restrictive Status Housing Report. Dkt. 8 at 7, n. 3. In this case, it appears that no request was made for Mr. Dent to be placed on restrictive housing status. Dkt. 8-7. As a result, there was no "confinement report" to provide to Mr. Dent. *Id*.

Even if there had been a "confinement report" that was denied to Mr. Dent, nowhere does Mr. Dent claim that the report was material or that it was exculpatory in nature.

Accordingly, Mr. Dent is not entitled to relief on this basis.

2. <u>Impartial Decision Maker</u>

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660 at 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Dent does not contend that the hearing officer was involved in the underlying events leading to his disciplinary charge or the investigation thereof. Rather, Mr. Dent alleges that the hearing officer demonstrated bias by using his criminal sentencing charges to find him guilty. Dkt. 1 at 3. However, the disciplinary hearing report indicates that the hearing officer relied upon the conduct report, Mr. Dent's statement, and the daily offender telephone log to conclude that Mr. Dent was guilty of violating Code B-213. Dkt. 8-6. The reason for the decision, after listing the evidence considered, was "DHO believes c/r, daily telephone log to be accurate." *Id*. Nowhere does it indicate that Mr. Dent's sentencing charges were a factor in the hearing officer's determination of guilt.

Mr. Dent has not overcome the presumption of honesty and integrity to which the hearing officer is entitled. Mr. Dent is not entitled to relief on this basis.

### 3. Violation of IDOC Policies and Procedures

Mr. Dent alleges the violation of numerous IDOC policies and procedures in connection with his disciplinary hearing. Dkt. 1 at 3,5. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the ones at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process."); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

Accordingly, Mr. Dent is not entitled to relief on this claim.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Dent to the relief he seeks.

Accordingly, Mr. Dent's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 8/30/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES E. DENT
890623
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov